DonBULLIAN, ADMINISTRATOR OF THE ESTATE OF ELI DonBULLIAN *v.* DeLISA

[No. 361, September Term, 1966.]

Decided June 1, 1967.

The cause was argued before HAMMOND, C. J., and MAR-
BURY, OPPENHEIMER, McWILLIAMS and FINAN, JJ.

*Abraham Chasanow,* with whom was *Howard S. Chasanow*
on the brief for appellant.

*Leroy Pumphrey* and *Joseph B. Calandriello* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is from a judgment for the plaintiff, Joseph P.
DeLisa, in his suit for the unpaid balance of the purchase price
of an International ten-wheel tandem truck, represented by a
note and the conditional contract of purchase. The defendant is
the administrator of the estate of Eli DonBullian. Edward A.
DonBullian, Eli's son, had arranged for the purchase of the
truck from DeLisa in New Jersey on February 27 1961. Ed-
ward was advised that his father's signature would be neces-
sary. He said he would take the contract and note to be signed
by his father who lived in Maryland; later he brought them
back to DeLisa. On each, under Edward's signature as buyer,
was the signature "E. DonBullian," also on a line over the
legend "signature of buyer." DeLisa says that Edward repre-
sented to him that the signature of E. DonBullian was his fa-
ther's signature. The contract, fully guaranteed, was assigned
to a finance company which assigned it to a bank. Several pay-
ments were made on the truck and then Edward returned the
truck to DeLisa. The finance company conducted a foreclosure
sale and recovered a judgment against DeLisa for the remain-
ing unpaid balance of the agreed purchase price. DeLisa paid
the judgment and the finance company assigned all claims it
had against Eli and Edward to DeLisa. No payment to DeLisa
has been made by Edward, Eli or Eli's estate.

Trial was had before Judge Loveless sitting without a jury.
He rendered judgment for Eli's estate, apparently for the rea-
son that Eli had not himself signed the note and contract, but
granted a new trial and allowed the filing of an amended dec-
laration "without the allegation that the deceased signed the

note." An amended declaration was duly filed alleging "that the said contract and note were executed by [Edward] and with the deceased's [Eli's] consent; that the signature, on said instruments, was thereafter ratified by the deceased; that the deceased accepted benefits arising from the said instruments and his Administrator is estopped to deny the validity of the signature, E. DonBullian, which purports to be the signature of the deceased * * *."

A second trial was had before Judge Parker sitting without a jury. DeLisa offered testimony, which we find to be admissible and probative, contrary to the contention of the appellant, that Eli said to the witness that "I did not sign this contract; I gave my son permission only to sign my name." In response to a subpoena duces tecum a representative of the Comptroller of Maryland brought Eli's 1961 and 1962 Maryland income tax returns into court. DeLisa's lawyer asked to be allowed to examine them and was told: "I would have to present these to the judge, since they have been subpoenaed by the Court * * *."

The judge, after examining the 1962 return which was signed by Eli and his wife and finding that it showed that Eli had bought an International truck on February 28, 1961, for $23,-500, had claimed $9,166.66 in depreciation for prior years and $5,972.20 in depreciation for 1962, held: "The Court determines that the tax form * * * filed by Eli and Mildred Don-Bullian for the year 1962 does reflect relevant material to the trial of this cause and therefore admits the same in evidence." DeLisa had given due notice of his intention to rely on the law of New Jersey and, although appellant urges that he did not, proved the valid assignment in that State of the note and contract from the finance company to him and the amount of his damages.

The administrator, Edward, testified that he was the owner of the truck, offering corroborative testimony on the point, and that he signed his father's name to the note and contract after having been advised by a salesman for DeLisa "* * * it's a very simple thing, it's common practice, you sign his name," and then rested.

The administrator makes two primary contentions: the income tax return was improperly admitted and the evidence did

not permit a finding that Eli was a maker on the note and a principal on the contract. The argument as to the return is that Code (1957), Art. 81, § 300 (1) prohibits the revelation of the amount of income or the particulars set forth or disclosed in any tax return "except in accordance with proper judicial or legislative order * * *," and that there was no proper judicial order in this case because although the subpoena is issued over the signature of the Chief Judge of the Circuit, the clerk performs a ministerial act when he issues it as a matter of course. We may assume that the subpoena was not a "judicial order" within the meaning of § 300 of Art. 81. Nevertheless, the Comptroller without objection produced the return in court and his representative, in obedience to the statute, would reveal the contents of the return only to the judge who, under the circumstances, was "an officer of the State having a right thereto in his official capacity." The judge's ruling which found the return relevant evidence and admitted it in evidence was a "proper * * * judicial order" under the statute. We find no error in the admission of the return.

The testimony that Eli authorized the signing of his name on the note and on the contract, buttressed by the inferences permissibly to be drawn from the income tax return, justified the trier of fact in concluding that Eli was a maker of the note and a principal to the contract.

We find it unnecessary to discuss the other contentions of appellant which are subsidiary and peripheral and in our view have no merit.

*Judgment affirmed, with costs.*